UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING,
SCHOLARSHIP and SAFETY FUND, BUILDING SERVICE
32BJ LEGAL SERVICES FUND and BUILDING SERVICE
32BJ SUPPLEMENTAL RETIREMENTAND SAVINGS PLAN,

                                        Plaintiffs,

        -against-                                                    COMPLAINT

SECURAMERICA, LLC,

                                        Defendant.
--------------------------------------------------------------------------------X
        Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Thomas

Shortman Training, Scholarship and Safety Fund ("Safety Fund"), Building Service 32BJ Legal

Services Fund ("Legal Fund"), and Building Service 32BJ Supplemental Retirement and Savings

Plan ("SRSP Fund"), collectively referred to herein as the "Funds", as and for their Complaint

against SecurAmerica, LLC ("Defendant"), respectfully allege as follows:

### NATURE OF ACTION

        1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a) (3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health

fund, an employee scholarship, training and safety fund, an employee legal services fund and an

employee annuity benefit fund, for contractual and other statutory relief under ERISA to secure

performance by Defendant of specific statutory and contractual obligations to pay required

monetary contributions to the Funds.  This Complaint alleges that by failing, refusing or neglecting

to pay and submit the required monetary contributions to the Funds, when due, as per the Funds'

rules and regulations, as sums became known as being due following an audit of Defendant's

books and records, Defendant violated the collective bargaining agreement, the trust agreements

of the Funds, the rules and regulations of the Funds, and ERISA.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

> (a)      Section 502(e) (1) and (f) of ERISA (29 U.S.C.  § 1132(e)(1) and
>
> (f);
>
> (b)      Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);
>
> (c)      28 U.S.C. Section 1331 (federal question); and
>
> (d)      28 U.S.C. Section 1337 (civil actions arising under an Act of
>
> Congress regulating commerce).

## VENUE

3.       Venue properly lies in this district under Section 502(e)(2) of ERISA (29

U.S.C.  § 1132 (e) (2)).  Service of process may be made on Defendant in any other district in

which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C.  § 1132(e) (2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust

funds established and maintained pursuant to various collective bargaining agreements in

accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are

employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29

U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections

3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145).  The Funds are authorized to

maintain suit as independent legal entities under Section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)

(1)). The purpose of the Funds is, inter alia, to receive contributions from employers who are

parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits, training, scholarship and safety benefits, pre-paid legal services and supplemental retirement and savings benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Defendant SecurAmerica, LLC. was, and continues to be, a Georgia for-profit corporation, having a principal place of business at 3343 Peachtree Road NE, Suite 710, Atlanta, GA 30326, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)**

7.      The Funds repeat and re-allege each allegation set forth in paragraphs 1 through 6 as if fully set forth herein.

8.      The Agreement requires the Defendant to periodically contribute sums of money to the Funds to provide covered employees with health insurance, training, scholarship and safety benefits, prepaid legal benefits and annuities and other benefits, at, inter alia, the following

locations: 1099 New York Avenue, 1717 Pennsylvania Avenue, N.W., 1825 "I" Street, N.W., 1919 Pennsylvania Avenue, N.W., 2550 "M" Street, N.W., 620 "F" Street, N.W., 700 13th Street, N.W., 1730 Pennsylvania Avenue, N.W., 405 Lexington Aveue, 1110 Vermont Avenue, 1255 23rd Street, N.W., 900 19th Street, N.W., 1730 Pennsylvania Avenue, N.W., 1100 First Street, N.E., 1201 "F" Street, N.W., 1747 Pennsylvania Avenue, N.W., 1775  Pennsylvania Avenue, N.W., and route employees employed in the Washington, D.C. area.

9.      Defendant is also obligated, pursuant to ERISA and pursuant to the terms of the Agreement, to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

10.          Pursuant to ERISA and pursuant to the terms and conditions of the Agreement, the Funds conducted an audit of Defendant's books and records for the period June 1, 2013 through June 30, 2017.

11.      Pursuant to the audit, the Defendant had failed to remit contributions in the total amount of $80,521.29, in principal during the period June 1, 2013 through June 30, 2017.

12.      In addition, separate and apart from the audit, the Defendant has failed to remit additional sums in principal, as per the Funds' electronic payment system during the period through March 2017 in the amount of $486.12.

13.      The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds as found in the audit and as owed separately from the audit constitutes a violation of the Agreement between Defendant and the Union with respect to the Funds as third-party beneficiaries.

14.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods covered by the audit, plus pre-judgment interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

15.     The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreement.

17.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment as found due in the audit constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiffs, the unpaid benefit contributions, plus statutory damages (liquidated damages) and pre-judgment interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

19.     For the period June 1, 2013 through June 30, 2017, Defendants failed to pay to the Funds no less than $80,521.29 in audit charges and $486.12 in electronic payment deficiencies in violation of ERISA.

20.     Accordingly, Defendant is liable to the Funds for the payment and/or

submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Funds demand judgment:

a.   against Defendant for payment of all past due contributions as found in the audit, and Fund delinquencies in an amount of $80,521.29 and unpaid electronic contributions of $486.12.

b.   against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g) (2) and the Agreement,

c.   against Defendant for statutory damages of reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A.  § 502(g)(2) and the Agreement;

e.   for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
         February 11, 2020

Raab, Sturm & Ganchrow, LLP

By:  s/ Ira A. Sturm
Ira A. Sturm
Attorneys for Plaintiffs Funds
2125 Center Avenue
Suite 100
Fort Lee, New Jersey
(Tel) 201-292-0150
(Fax) 201-292-0152